**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Journal-Chronicle Company, d/b/a J-C Press,

Debtor.

Case No. 17-33322
Chapter 11

---

**NOTICE OF HEARING AND MOTION FOR EXPEDITED RELIEF AND FOR AN ORDER AUTHORIZING USE OF CASH COLLATERAL ON A PRELIMINARY AND FINAL BASIS**

---

TO: ALL PARTIES IN INTEREST AND OTHER ENTITIES AS SPECIFIED IN LOCAL RULE 9013-3:

1. Journal-Chronicle Company, d/b/a J-C Press, a Minnesota corporation ("Debtor"), by and through its undersigned attorneys, moves the court for the relief requested and gives notice of hearing herewith.

2. The court will hold a preliminary expedited hearing on this motion at 4:00 p.m. on October 26, 2017, or as soon thereafter as counsel may be heard, in Courtroom 2B of the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101, before the Honorable William J. Fisher, United States Bankruptcy Judge. The court will hold a final hearing on this motion at 3:30 p.m. on November 14, 2017, or as soon thereafter as counsel may be heard, in Courtroom 2B of the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101, before the Honorable William J. Fisher, United States Bankruptcy Judge.. THE HEARING ON THIS MOTION OR THE PRELIMINARY MOTION MAY BE CONTINUED BY THE COURT, AT THE HEARING, WITHOUT FURTHER NOTICE TO ANY PARTY.

3.     Any response to the preliminary hearing must be filed and delivered not later than the time set forth for hearing.

4.     Any response to the final hearing must be filed and delivered not later than November 9, 2017, which is five business days before the time set forth for the hearing.  IF OBJECTIONS ARE NOT SERVED AND FILED IN A TIMELY MANNER, THE COURT MAY GRANT THE REQUESTED RELIEF WITHOUT A HEARING IN ACCORDANCE WITH LOCAL RULE 9013-2(f).

5.     The petition commencing this Chapter 11 case was filed on October 23, 2017 (the "Filing Date"), and the case is now pending before this court.

6.     This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 4001, 5005, and Part IX of the Local Rules.  This motion is filed under Bankruptcy Rule 4001(b) and Local Rule 4001-2.  This proceeding arises under 11 U.S.C. § 363.

7.     Movant requests the following relief:

(a)     For a preliminary and final order allowing Debtor to use cash collateral as defined in 11 U.S.C. § 363 in the Bankruptcy Code.

(b)     For an order granting Debtor the right to a preliminary hearing for the use of cash collateral on an expedited basis.

(c)     For such other and further relief as the court deems just and equitable.

8.     The creditors with a purported lien in cash collateral are set forth on **Exhibit B**, with the amount of the debt and collateral relating to each secured creditor per that exhibit:

(a)     Profinium Financial ("Profinium").

(b)     Southern Minnesota Initiative Foundation ("SMIF").

(c)       Sabra Otteson ("Sabra").

(Hereafter, collectively referred to as the, "Cash Collateral Crediotors")

Each has a blanket lien on all of the assets of the Debtor, including cash collateral assets.  All of

Debtor's other Secured Lenders have liens in only certain specified equipment; and have no liens

in cash collateral (see **Exhibit B**).  There are also two creditors that hold consignment inventory

(and certain related equipment) at the Debtor's business.  They are:

(d)       Veritiv Operating Company; and

(e)       FujiFilm Norma American Corporation.

9.       As of the Filing Date, the Debtor has cash collateral assets with a value of

approximately $835,000.00 (consisting of cash, inventory and accounts receivable).  The Debtor

projects that the value of cash collateral, as of October 26, 2017 (the preliminary hearing date)

will be approximately $867,000.00, and as of November 14, 2017 (the final hearing date) will be

$901,100.00.  Cash collateral will be approximately $898,400.00 as of Mid-December, 2017.

(See **Exhibit C**.)  (At all times cash collateral will remain in excess of its value as of the Filing

Date.)

10.       As required by Local Rule 4001-2, attached hereto are (i) a liquidation analysis,

(**Exhibit A**), (ii) a verified schedule of debt secured by collateral (**Exhibit B**), (iii) a projected

cash flow statement through the week of December 11, 2017 (**Exhibit C**), and (iv) a budget of

expenditures of the company, pending final hearing on approval of the use of cash collateral

(**Exhibit D**) that need to be expended to avoid immediate and irreparable harm to the estate.

11.       **Exhibit C** provides a description of the collateral and its approximate value at the

end of the period for which Debtor seeks authorization to use cash collateral.

12.   By reason of the foregoing, and based upon the projected values and the cash flow projection, the position of the creditors who hold a lien in cash collateral including cash, accounts receivable and inventory (those items turned into cash in the orderly course of business), remains stable and even increases in value.

13.   Debtor requires the use of cash collateral in order to carry on its business activities, to pay for its current operations, including purchases, insurance, utilities, payroll, and payroll taxes and rent.  Debtor shall be able to operate, on a cash basis, and believes that it will be able to obtain a confirmed plan and reorganization in accordance with existing rules and statutes.

14.   As and for adequate protection, Debtor proposes that it be authorized to grant to the Cash Collateral Creditors (and all creditors having a lien in cash collateral), a replacement lien or a security interest in any new assets, materials and accounts receivable, generated from the use of cash collateral, with the same priority, dignity, and validity of prepetition liens or security interests.  Specifically, the Debtor proposes granting a replacement lien to the Cash Collateral Creditors to the extent that it protects them against diminution of the value of their collateral as it existed at the time of the commencement of this proceeding.

15.   As additional adequate protection, Debtor proposes (1) to maintain insurance on all of the property in which the Cash Collateral Creditors (and all other secured creditors) claim a security interest; (2) to pay all post-petition federal and state taxes, including timely deposit of payroll taxes; (3) provide the Cash Collateral Creditors (and all other secured creditors, upon reasonable notice), access during normal business hours for inspection of their collateral and the Debtor's business records; and (4) all cash proceeds and income of the Debtor will be deposited into a Debtor in Possession Account  (i.e., the "DIP" account).

16.     Debtor believes it can operate in Chapter 11, and can, within a reasonable time period, propose and confirm a plan of reorganization through the use of the advantages of Chapter 11, including the use of §1129 of the Bankruptcy Code, and other sections.

17.     The reason for the request for expedited hearing is that Debtor requires the use of cash collateral in order to carry on its business activities, to pay for its current operations, including purchases, insurance, utilities, payroll, and payroll taxes.  The disruption of its operations would cause irreparable damage to the Debtor.

18.     Debtor has given notice by fax, email and U. S. mail (as set forth in the affidavit of service) of this motion to parties in interest specified in Local Rule 9013-3.  The Debtor requests that the court find under the circumstances that the notice given was adequate and expedited hearing is appropriate.

19.     Pursuant to Local Rule 9013-2(c), the Debtor states that should testimony be necessary at either the preliminary or final hearing on this matter, Debtor reserves the right to call the following witness(es):

    a) Mr. Pat McDermott
       President of the Debtor

    b) Other employee or agent of Journal-Chronicle Company, d/b/a J-C Press

    c) Mr. Rick Riesgraf, CPA of the Debtor

20.     This motion is further supported by a memorandum of law, attached hereto and incorporated by reference herein.

WHEREFORE, Debtor prays for an order of the court as follows:

1.     Granting Debtor a hearing on its expedited motion.

2.     Authorizing the Debtor to continue to use cash collateral within the provisions of Section 363, until the final hearing.

3. Authorizing the Debtor to grant to the Cash Collateral Creditors (and any other entity holding a lien in cash collateral) as and for adequate protection of its secured interest, the right to a replacement lien and post-petition security interest, to the same validity, priority, and extent of its security interest held prepetition, in any and all new cash collateral including new inventory receivables of Debtor. Such replacement lien will secure it against diminution of the value of its collateral, as it existed as of the commencement of this case.

4. Granting such other further protections as the court deems reasonable, so as to adequately protect the secured creditors' position, and allow the Debtor to use cash collateral in the ordinary course of business.

5. For such other and further relief as the court may deem just and equitable.

Respectfully submitted,

Dated: October 24, 2017

*/e/ Thomas J. Flynn*

Thomas J. Flynn (30570)
Larkin Hoffman Daly & Lindgren Ltd.
8300 Norman Center Drive, Ste. 1000
Minneapolis, Minnesota 55437-1060
952-835-3800
tflynn@larkinhoffman.com
Attorneys for Debtor

4845-9632-7717, v. 1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

Journal-Chronicle Company, d/b/a J-C Press,

Debtor.

Case No. 17-33322
Chapter 11

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED RELIEF AND FOR AN ORDER AUTHORIZING USE OF CASH COLLATERAL ON A PRELIMINARY AND FINAL BASIS**

Journal-Chronicle Company, d/b/a J-C Press the above-referenced debtor (the "Debtor"), by and through its attorneys, submits this memorandum of law in support of its motion for expedited relief and for an order authorizing use of cash collateral pending a final hearing and its motion for an order authorizing the use of cash collateral. The petition commencing this Chapter 11 case was filed on **October 23, 2017** (the "Filing Date").

Section 363 of the Bankruptcy Code prohibits a debtor from using cash collateral without the consent of the secured party having an interest in such collateral or court order. Such an order can be entered if the debtor offers adequate protection to the party or parties with a secured interest, in cash collateral.

The Debtor runs a commercial printing company located in Owatonna, Minnesota.

In this case, Debtor has cash collateral assets with a value of approximately $835,000.00 as of the Filing Date (consisting of cash, inventory and net receivables). The value of those assets as of October 26, 2017 (the preliminary hearing date) is projected to be approximately $867,000.00, and as of November 14, 2017 (the final hearing date) the value is projected to be

$901,100.00.  The value of the Cash Collateral will at all times be in excess of the value of such collateral as of the Filing Date.

The **Exhibits A, B** and **C**, included herewith, show that the secured creditors' positions (as more thoroughly set forth below) will not be harmed by continued operations during the period that Debtor requests use of cash collateral.

The Cash Collateral Creditors, all hold a blanket security interests in all of the cash collateral, as well as all personal property and assets of the Debtor.  (See **Exhibit B**)    Any other secured creditors have liens in non-cash collateral assets (i.e., equipment) and have no liens in cash collateral. (See **Exhibit B**).

The motion assumes that the Cash Collateral Creditors are properly perfected, however, the Debtor has not had the time to determine whether the Cash Collateral Creditors' interest in Cash Collateral is perfected or whether the documents purportedly collateralizing the Cash Collateral Creditors' loans with the Debtor's assets are legally sufficient. The value owned by the Debtor of the collateral securing the claims of the Cash Collateral Creditors is approximately $835,000.00 (at book).  The Debtor need only show that it will be able to maintain the value of the cash collateral in order to be allowed the use of cash. See United Savings Assoc. v. Timbers of Linwood Forest, 108 S. Ct. 626 (1988).  Here, Debtor can maintain the value of collateral.

It is proposed that the Cash Collateral Creditors receive a replacement lien in the assets of the Debtor, and that by virtue thereof, it is adequately protected in this case.  The grant of such lien will be to the same extent, priority and dignity of any lien it had or may have had prepetition. Furthermore, the replacement lien will be enforceable post-petition, only to the extent necessary to protect the interests of the Cash Collateral Creditors as of the time of filing of the case.  In

addition, the Debtor will otherwise preserve the value of the cash collateral, and all other collateral, during the pending of this case, as more fully set forth in the motion.

Cash flow projections filed with this motion indicate Debtor will be able to maintain the status quo and even improve its condition on a cash basis through Mid-December, 2017. The secured parties' interests, therefore, are adequately protected.

This memorandum is submitted in support of Debtor's motion for an order authorizing it to use cash collateral on a temporary basis subject to a final hearing required by Bankruptcy Rule 4001(b).

Respectfully submitted,

Dated: October 24, 2017

*/e/ Thomas J. Flynn*

Thomas J. Flynn (30570)
Larkin Hoffman Daly & Lindgren Ltd.
8300 Norman Center Drive, Ste. 1000
Minneapolis, Minnesota 55437-1060
952-835-3800
tflynn@larkinhoffman.com
Attorneys for Debtor

# Exhibit A
# JOURNAL-CHRONICLE COMPANY, D/B/A J-C PRESS
# Liquidation Analysis

# J.C. Press
## Liquidation Analysis
## October 23, 2017

| | Liquidation Value |
|---|---|
| **Assets** | |
| Cash | 5,000 |
| Accounts Receivable – (717,000 @ 75%) | 537,000 |
| Inventories – (113,000 @ 25%) | 28,000 |
| | 570,000 |
| Equipment | |
| • Equipment per Hoff appraisal May 2014 – Orderly Liquidation Value | 1,483,000 |
| • Additions – 2015 – 226,000 – Use 65% | 147,000 |
| • Additions – 2016 – 51,000 – Use 65% | 33,000 |
| • Equipment bought in Clear Lake Press transaction – Orderly liquidation value per Hoff appraisal March, 2017 | 225,000 |
| Total Asset Value | 2,458,000 |
| Less Liquidation Costs and Related Fees | (100,000) |
| Net Assets Available | 2,358,000 |
| **Obligations** | |
| Secured Debt - Profinium Line of Credit (First Security Interest) | 517,000 |
| Secured Debt - Profinium Equipment Obligations (First Security Interest) | 1,040,000 |
| Secured Debt - Southern Minnesota (Second Secured Position) | 200,000 |
| Secured Debt - Sabra Otteson (Second Secured Position) | 1,119,000 |
| | 2,876,000 |
| Difference | (518,000) |
| Amount Available for Unsecured Creditors | - 0 - |

# Exhibit B
# JOURNAL-CHRONICLE COMPANY, D/B/A J-C PRESS
# Secured Lenders

# SECURED LENDERS

| Creditors | Collateral |
| --- | --- |
| 1) Profinium Financial | Blanket Lien |
| 2) Southern Minnesota Initiative Foundation | Blanket Lien |
| 3) Sabra W. Otteson | Blanket Lien |
| 4) FujiFilm North America Corporation | Consignment Inventory (and, certain related equipment) |
| 5) Veritiv Operating Company | Consignment Inventory (and, certain related equipment) |

# Exhibit C
# JOURNAL-CHRONICLE COMPANY, D/B/A J-C PRESS
# Cash Flow Projections

**JC Press**
**WORKING CAPITAL CASH FLOW**
**10/23/2017**

| DESCRIPTION | CURRENT 10/23/2017 | PROJECTIONS 10/23/2017 | 10/30/2017 | 11/6/2017 | 11/13/2017 | 11/20/2017 | 11/27/2017 | 12/4/2017 | 12/11/2017 |
|---|---|---|---|---|---|---|---|---|---|
| **CASH SOURCES** | | | | | | | | | |
| **Current AR** | | $ 265,000 | $ 150,000 | $ 130,000 | $ 130,000 | $ 25,000 | $ 6,000 | $ 3,000 | $ 8,000 |
| **New Work** | | - | - | - | - | 137,500 | 137,500 | 137,500 | 137,500 |
| **TOTAL CASH SOURCES** | | 265,000 | 150,000 | 130,000 | 130,000 | 162,500 | 143,500 | 140,500 | 145,500 |
| **USES OF CASH** | | | | | | | | | |
| Salaries & Wages, Benefits, Payroll Taxes | | 76,000 | 10,000 | 90,000 | 10,000 | 76,000 | 10,000 | 90,000 | 10,000 |
| Manufacturing Expenses | | | | | | | | | |
| Materials and O/S Purchases | | 10,000 | 56,400 | 56,400 | 56,400 | 51,300 | 51,300 | 51,300 | 51,300 |
| Freight | | 800 | 800 | 800 | 800 | 800 | 800 | 800 | 800 |
| Property Insurance | | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 | 1,200 |
| Rent | | - | 35,000 | - | - | - | 35,000 | - | - |
| Utilities | | 2,400 | 2,400 | 2,400 | 2,400 | 2,400 | 2,400 | 2,400 | 2,400 |
| R & M | | 5,500 | 5,500 | 5,500 | 5,500 | 5,500 | 5,500 | 5,500 | 5,500 |
| Supplies | | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 |
| Misc. | | 500 | 500 | 500 | 500 | 500 | 500 | 500 | 500 |
| Selling/G&A Expenses | | | | | | | | | |
| Professional Fees | | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 |
| Dues and Subscriptions | | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 | 1,000 |
| Vehicle Expenses | | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 |
| Advertising & Promotion | | 300 | 1,000 | 1,000 | 1,000 | 1,000 | 100 | 100 | 100 |
| Telephone/Internet | | 300 | 300 | 300 | 300 | 300 | 300 | 300 | 300 |
| Life Insurance | | - | - | 5,200 | - | - | - | - | - |
| Misc | | 3,600 | 3,600 | 3,600 | 3,600 | 3,600 | 3,600 | 3,600 | 3,600 |
| **TOTAL USES OF CASH** | | 105,100 | 121,200 | 171,400 | 86,200 | 147,100 | 115,200 | 160,200 | 80,200 |
| **CASH IN OVER/(UNDER) CASH USES** | | $ 159,900 | $ 28,800 | $ (41,400) | $ 43,800 | $ 15,400 | $ 28,300 | $ (19,700) | $ 65,300 |
| **CASH BALANCE** | 5,000 | 164,900 | 193,700 | 152,300 | 196,100 | 211,500 | 239,800 | 220,100 | 285,400 |
| **AR BALANCE** | 717,000 | 590,000 | 577,000 | 585,000 | 592,000 | 555,000 | 536,000 | 521,000 | 500,000 |
| **INVENTORY BALANCE** | 113,000 | 113,000 | 113,000 | 113,000 | 113,000 | 113,000 | 113,000 | 113,000 | 113,000 |
| **TOTAL WORKING CAPITAL** | 835,000 | 867,900 | 883,700 | 850,300 | 901,100 | 879,500 | 888,800 | 854,100 | 898,400 |

# Exhibit D
# JOURNAL-CHRONICLE COMPANY, D/B/A J-C PRESS
# Budget Pending Final Hearing

Estimated Cash Needs through November 14, 2017

| | |
|---|---|
| Salaries & Wages, Benefits, Payroll Taxes | 186,000 |
| Manufacturing Expenses | |
| Materials and O/S Purchases | 179,200 |
| Freight | 3,200 |
| Utilities | 9,600 |
| R & M | 22,000 |
| Supplies | 2,000 |
| Misc. | 2,000 |
| Selling/G&A Expenses | |
| Dues and Subscriptions | 4,000 |
| Vehicle Expenses | 8,000 |
| Advertising & Promotion | 3,300 |
| Telephone/Internet | 1,200 |
| Misc | 14,400 |
| Total | 434,900 |

**VERIFICATION**

The undersigned, who is the President of the Debtor, hereby declares under penalty of perjury that the facts set forth in the Motion for Expedited Relief and for an Order Authorizing the Use of Cash Collateral on a Preliminary and Final Basis, and the Memorandum in support of the motion, and the exhibits thereto are correct to the best of his knowledge and belief.

Date: October 24, 2017

Pat McDermott
President of the Debtor

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Journal-Chronicle Company, d/b/a J-C Press,

Debtor.

Case No. 17-33322
Chapter 11

---

**SEPARATE VERIFICATION OF CASH COLLATERAL AND EXHIBITS PURSUANT TO LOCAL RULE 4001-2(a)**

---

Pursuant to Local Rule 4001-2(a) the undersigned hereby states under penalty of perjury that he is the President of the Debtor, that he has firsthand knowledge of the facts stated in the Notice of Motion and Exhibits A-D attached to the pending motion for use of cash collateral by the Debtor and that the facts set forth therein are true and correct, to the best of his knowledge.

Date: October 24, 2017

Pat McDermott, President

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Journal-Chronicle Company, d/b/a
J-C Press,

Debtor.

Case No. 17-33322
Chapter 11

---

**CERTIFICATE OF SERVICE**

---

I, Thomas J. Flynn, under penalty of perjury, hereby declare that on October 24, 2017, in connection with the above-referenced matter, the following document:

1. Notice of Hearing and Motion for Expedited Relief on a Preliminary and Final Basis and for an Order Authorizing Use of Cash Collateral
2. Memorandum of Law in Support of Motion
3. Exhibits A-D
4. Verification
5. Separate Verification of Cash Collateral Exhibits
6. Certificate of Service
7. Order for Use of Cash Collateral Pending Final Hearing

was filed with the Clerk of Court via ECF, and served on the parties listed on the attached service list by the means indicated.

Dated: October 24, 2017 *_/e/ Thomas J. Flynn_*

4845-9632-7717, v. 1

JOURNAL-CHRONICLE COMPANY d/b/a
J-C PRESS
Chapter 11 Bky. Case No. 17-33366
RULE 9013-3 SERVICE LIST

**DEBTOR**

Journal Chronicle Company,
d/b/a J-C Press
Attn: Pat McDermott
785 24th Avenue SW
Owatonna, MN 55060
**VIA U.S. MAIL**

**DEBTOR'S COUNSEL**

Thomas J. Flynn
Larkin Hoffman Daly & Lindgren, Ltd
8300 Norman Center Drive, #1000
Minneapolis, MN 55437
Phone: 952-896-3362
tflynn@larkinhoffman.com
**VIA ECF**

**UNITED STATES TRUSTEE**

<trustee name>
US Trustee
1015 US Courthouse
300 S. 4th Street
Minneapolis, MN 55415
<trustee email>@usdoj.gov
ustpregion12.mn.ecf@usdoj.gov
**VIA ECF**

**TEN LARGEST UNSECURED CREDITORS**

Veritive Operating Company
9001 Wyoming Avenue North
Minneapolis, MN 55445
Michael.kmett@veritivcorp.com
**VIA EMAIL/U.S. MAIL**

Lindenmeyr Munroe
P.O. Box 99922
Chicago, IL 60696
clarson@lindenmeyr.com
**VIA FACSIMILE/U.S. MAIL**

Kempf Paper Corporation
3145 Columbia Avenue NE
Minneapolis, MN 55418
612-781-3849
**VIA FACSIMILE/U.S. MAIL**

Master Electric Company, Inc.
8555 West 123rd Street
Savage, MN 55378
matt.pirkl@master
**VIA FACSIMILE/U.S. MAIL**

Beschnett Properties, LLC
300 16th Avenue SE
Waseca, MN 56093
pbeschnett@clearlakepress.com
**VIA FACSIMILE/U.S. MAIL**

SMJ Partners LLC
P.O. Box 347
Owatonna, MN 55060
jwhited@j-cpress.com
**VIA FACSIMILE/U.S. MAIL**

Midland Paper
101 E. Palatine Road
Wheeling, IL 60090
jolson@midlandpaper.com
**VIA FACSIMILE/U.S. MAIL**

Fujifilm Graphic Systems USA
2420 Long Lake Road
St. Paul, MN 55113
kloecken@fujifilm.com
**VIA FACSIMILE/U.S. MAIL**

Quickway Rigging & Transfer
7800 Central Avenue NE
Minneapolis, MN 55432
763-784-3556
**VIA FACSIMILE/U.S. MAIL**

Wells Fargo Processing Ctr.
P.O. Box 6415
Carol Stream, IL 60197
**VIA FACSIMILE/U.S. MAIL**

**SECURED CREDITORS**

Profinium Financial
1080 W. Frontage
Owatonna, MN 55060
jerryk@profinium.com

Sabra Otteson
27323 North Montana Drive
Rio Verde, AZ 85263
swotteson@aol.com

Southern Minnesota Initative Foundation
525 Florence Avenue
Owatonna, MN 55060
dianel@smifoundation.org

**DISTRICT DIRECTOR OF THE INTERNAL REVENUE SERVICE**

Internal Revenue Service
Wells Fargo Place
30 E 7th St, Mail Stop 5700
St Paul MN 55101
Fax: (651) 312-7970
**VIA FACSIMILE/U.S. MAIL**

**INTERNAL REVENUE SERVICE CENTRALIZED INSOLVENCY OPERATION**

IRS Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346
Fax: 267-941-1015
**VIA FACSIMILE/U.S. MAIL**

**COLLECTION DIVISION OF THE MINNESOTA DEPARTMENT OF REVENUE**

MN Department of Revenue
Collection Enforcement

| 551 Bankruptcy Section<br>600 North Robert Street<br>PO Box 64447<br>St Paul MN 55101<br>Fax: (651) 282-2817<br>**VIA FACSIMILE/U.S. MAIL** |
| --- |
| **UNITED STATES ATTORNEY FOR THE DISTRICT OF MINNESOTA** |
| US Attorney<br>600 US Courthouse<br>300 S Fourth St<br>Minneapolis MN 55415<br>Fax: 612-664-5788<br>**VIA FACSIMILE/U.S. MAIL** |
| **REQUESTS FOR NOTICE/ NOTICE OF APPEARANCE** |
| Gislason & Hunter, LLP<br>Attn: Matthew C. Berger<br>c/o Profinium Financial<br>2700 South Broadway<br>P.O. Box 458<br>New Ulm, MN 56073<br>mberger@gislason.com<br>**VIA EMAIL/U.S. MAIL** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Journal-Chronicle Company, d/b/a J-C Press,

Debtor.

Case No. 17-33366
Chapter 11

---

**ORDER FOR USE OF CASH COLLATERAL PENDING FINAL HEARING**

---

The Debtor's expedited motion for an order authorizing the use of cash collateral pending a final hearing came on for a hearing on October 26, 2017, before the Honorable William J. Fisher, United States Bankruptcy Judge. Appearances, if any, are noted on the record.

Based on the motion and supporting documents submitted by the Debtor for Use of Cash Collateral, and the files and records herein.

IT IS HEREBY ORDERED:

1. Pending the final hearing, the Debtor is authorized to use cash collateral to the extent set forth on **Exhibit D** to Debtor's motion as modified in an amount no greater than $434,900.00. All banks, lenders or depository institutions used by the Debtor are directed and authorized to release and return to Debtor all of Debtor's cash collateral and deposits, including credit card payments, accounts receivable and all checks received prior to the filing date but which have not yet cleared, and all other cash collateral received on or after the filing date; and allow Debtor access to its cash and receivables in order that Debtor can use its funds in the normal course of business, and give the Debtor an accounting of the same.

2. For purposes of adequate protection, and only to the extent of cash collateral used, the Debtor is authorized to grant any creditor having an interest in cash collateral a replacement lien in the Debtor's post-petition assets of the same type and nature as subject to the pre-petition liens. Such liens shall have the same priority and effect as such lien creditors held on the pre-petition property of the Debtor, and are granted only to the extent of the diminution in value of such creditors' interest in pre-petition collateral.

3. As additional adequate protection, Debtor shall (a) maintain insurance on all of the property in which the Cash Collateral Creditors (and all other secured creditors) claim a

security interest; (b) pay all post-petition federal and state taxes, including timely deposit of payroll taxes; (c) provide the Cash Collateral Creditors (and all other secured creditors, upon reasonable notice), access during normal business hours for inspection of their collateral and the Debtor's business records; and (d) deposit all cash proceeds and income into a Debtor in Possession Account ("DIP" account).

4. The replacement liens of the secured creditors are deemed properly perfected without any further act or deed on the part of the Debtor or the creditor.

5. A final hearing on the Debtor's motion will be held on November 14, 2017, at 3:30 p.m. Courtroom 2B of the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101, before the Honorable William J. Fisher, United States Bankruptcy Judge. Any objection to the motion shall be filed and served or delivered prior to the final hearing in accordance with Local Rule 9006-1.

6. Entry of this order is without prejudice to the rights of any party-in-interest to dispute the validity, priority and effect of any security interest granted to any creditor claiming an interest in cash collateral.

Dated:

______________________________
William J. Fisher
United States Bankruptcy Judge

4831-6356-3601, v. 1